# The State vs. Walpole.

The sheriff of a county cannot make legal service of a process, either in favor of or against the town of which he is an inhabitant.

Upon an information against a town for not keeping a highway in repair, a summons was issued, which was served by the sheriff of the county, who was an inhabitant of the town in question. Upon a plea stating these facts, it was *held*, that by *ch.* 179, § 3, *Rev. Stat.*, the sheriff was an interested party, and could not legally serve the summons, and that it must be quashed.

INFORMATION, alleging that a certain highway in the town of Walpole is out of repair, &c.

Upon this information a summons was issued, and at the April term of the court of common pleas, the town appeared, and filed

a plea, praying judgment of the summons issued as aforesaid, " because the said town says that George Huntington, esquire, the sheriff of said county of Cheshire, to whom said summons was directed, and by whom it was served, at the time of the filing of said information, was, ever since has been, and still is, an inhabitant of said town of Walpole, and a party to said information and summons, and this the said town is ready to verify, whereupon the said town of Walpole prays judgment of said summons, and that the same may be quashed."

To this plea the Attorney General filed a general demurrer.

*Walker*, Attorney General, for the State.

*Vose*, for the town of Walpole.

GILCHRIST, J. The question in this case is settled by the provision of the statute. It is enacted by *ch.* 179, § 3, *Rev. St.,* that " the coroner shall serve and execute all writs and processes directed to him when the sheriff is a party, and in all cases where the sheriff is a party interested, or related to either party, he shall return talesmen and attend the jury, and in all such cases he shall have the same powers and authority as is [are] by law vested in sheriffs in similar cases." In general, when a witness in a cause has an interest that a certain result shall be attained, he is incompetent to testify in that cause, unless against his own interest. In the present case, the sheriff is interested as a party, because he is an inhabitant of the town against which the information has been filed, and consequently is liable to pay his proportion of the fine and costs that may be adjudged against the town. Perhaps it might be said that the reason of the common law rule above mentioned is applicable to this case. It is true, that when the sheriff makes service of a summons against his own town, he does an act against his own interest, and thus far there is a similarity between his position and that of the witness in the instance given. But the only inference we can make from the language of the statute is, that the sheriff is not to be intrusted with the performance of a duty which he has an interest

The State *v.* Walpole.

should not be performed. It would not be wise legislation to confide to him the discharge of such duties, because such a general power would be liable to be abused. The statute provides in substance that in all cases where the sheriff is an interested party, the coroner shall have and exercise the powers which otherwise would devolve upon the sheriff. This provision precludes the sheriff from serving a process, either in favor of or against the town of which he is an inhabitant, and we are therefore of opinion that the plea is sufficient.

*Summons quashed.*